UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARNESS, DICKEY & PIERCE, P.L.C.,

        Plaintiff/Counter-Defendant,

                                          CIVIL CASE NO. 03-40334

v.

                                          HONORABLE PAUL V. GADOLA

EDWARD A. ANDREWS                   U.S. DISTRICT COURT

        Defendant/Counter-Plaintiff.
_____/

**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

        On September 16, 2005, Plaintiff filed a Motion in Limine to strike Forrest Collins as an expert witness [docket entry 55]. The motion was subsequently referred to Magistrate Judge Donald A. Scheer. On October 26, 2005, Magistrate Judge Scheer issued an order granting Plaintiff's motion [docket entry 80]. On November 2, 2005, Defendant filed objections to the magistrate judge's order [docket entry 84]. Plaintiff filed a timely response to Defendant's objections.

        Nondispositive orders, such as Magistrate Judge Scheer's order granting Plaintiff's Motion in Limine, are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to

> the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

"According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

At a hearing before Magistrate Judge Scheer on May 26, 2005, counsel for Defendant advised the court that he had an expert, Clare Long. Subsequent to the hearing, the magistrate judge issued an order on June 2, 2005, stating: "IT IS FURTHER ORDERED that Defendant's expert shall be Clare Long, Esq. and that no other experts shall be identified by Defendant in this matter as of May 26, 2005." Mag. Order, p. 2 (June 2, 2005). Defendant did not file objections to this order. In September of 2005, Defendant attempted to introduce Forrest Collins as another expert witness, contrary to the magistrate judge's June 2, 2005 order. Plaintiff promptly filed its motion in limine to strike Forrest Collins as an expert witness. After reviewing the parties' submissions and the relevant portions of the record, this Court finds that Magistrate Judge Scheer did not act clearly erroneously or contrary to law by striking Forrest Collins as an expert witness and by granting Plaintiff's motion in limine.

In his objections, Defendant argues in the alternative that the magistrate judge's order should be reversed because Defendant's prior attorney allegedly committed misconduct by not naming Forrest Collins as an expert witness earlier, and that this misconduct is so prejudicial that an appellate court would grant a new trial. This alleged misconduct, however, is nothing more that an allegation that Defendant's attorney committed an error in strategy. Such errors are outside the scope of this Court's review of a magistrate's order pursuant to Fed. R. Civ. P. 72(a). Therefore, this Court declines to overrule Magistrate Judge Scheer's order on account of the alleged attorney misconduct of Defendant's prior counsel.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's objections to the magistrate's ruling [docket entry 84] are **OVERRULED**.

**SO ORDERED.**

Dated:   January 5, 2006                           s/Paul V. Gadola
                                                  HONORABLE PAUL V. GADOLA
                                                  UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   January 5, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
   Fred H. Freeman; Frank S. Galgan; Michael C. Gibbons; Victor A. Veprauskas, IV   ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                              .

                                                  s/Ruth A. Brissaud
                                                  Ruth A. Brissaud, Case Manager
                                                  (810) 341-7845