UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARNESS, DICKEY & PIERCE, P.L.C.,

        Plaintiff/Counter-Defendant,

                                            CIVIL CASE NO. 03-40334

v.

                                            HONORABLE PAUL V. GADOLA

EDWARD A. ANDREWS                U.S. DISTRICT COURT

        Defendant/Counter-Plaintiff.
_____/

## **ORDER ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION**

        Plaintiff first filed this Complaint on December 23, 2003, seeking recovery of certain fees for legal services provided to Defendant, a former client. Defendant filed a Counterclaim against Plaintiff on February 27, 2004, and later amended the Counterclaim on November 1, 2004. On October 31, 2005, Plaintiff filed a motion for summary judgment, which was referred to the Honorable Donald A. Scheer, United States Magistrate Judge.

        On September 18, 2006, Magistrate Judge Scheer issued a Report and Recommendation and notified all the parties that any objections must be filed within ten days of service. The Magistrate Judge recommended that this Court grant Plaintiff's motion for summary judgment only with respect to Count III of the Amended Counterclaim, and to deny Plaintiff's motion in all other respects. In particular, the Magistrate Judge recommended that the Court deny Plaintiff's motion for summary judgment with respect to the claims asserted in Plaintiff's Complaint and with respect to Count II of Defendant's Amended Counterclaim.

        Neither party objected to the recommendation denying summary judgment with respect to the claims in Plaintiff's Complaint and granting summary judgment with respect to Count III of the

Amended Counterclaim. Plaintiff, however, did file timely objections to the Magistrate Judge's recommendation denying summary judgment with respect to Count II of the Amended Counterclaim.

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). As the Supreme Court observed, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Concerning those portions of Magistrate Judge Scheer's Report and Recommendation to which neither party has objected, the Court need not conduct a review. Accordingly, those portions of the Report and Recommendation are adopted as the opinion of this Court.

If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Plaintiff filed objections, this Court reviews de novo those portions to which objections have been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the

Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

In this case, Plaintiff objects to the Magistrate Judge's recommendation that the motion for summary judgment be denied with regard to Count II of the Amended Counterclaim. Count II of the Amended Counterclaim consists of Defendant's claim that Plaintiff excessively billed Defendant for Plaintiff's legal services. Plaintiff makes two arguments: (1) Defendant has failed to show a genuine issue of material fact as to whether he was excessively billed, and (2) Defendant is precluded from asserting a claim of excessive billing due to the doctrines of waiver, estoppel, and/or laches.

After a de novo review of the record, the Court overrules Plaintiff's objections and accepts the recommendation of the Magistrate Judge. Taking the facts in the light most favorable to the non-moving Defendant, there is a genuine issue of material fact as to the reasonable value of the legal services provided by Plaintiff to Defendant, as Magistrate Judge Scheer explains in his Report and Recommendation. Because of this genuine issue, there is, by necessity, a possibility that the billing

amount claimed by Plaintiff is larger than, or in excess of, the reasonable value of the legal services. Accordingly, Defendant's counterclaim that he has been excessively billed cannot be defeated under the summary judgment standard.

In addition, the case cited by Plaintiff in support of its argument for waiver, estoppel, and laches , *B&W Landscape & Patio Supply, Inc. v. Vineyard*, 2001 WL 1153215 (Mich. Ct. App. 2001) (unpublished), is not controlling under the circumstances of this case. The facts of the current case are readily distinguishable from those of *B&W Landscape*, as *B&W Landscape* involves the explicit actions of parties during trial proceedings. In the instant case, considering the facts under the summary judgment standard, Defendant has not taken express conduct demonstrating a voluntary and intentional relinquishment of his rights, and thus has not waived his claim. *See Angott v. Chubb Group of Ins. Cos.*, 717 N.W.2d 341, 345 (Mich. Ct. App. 2006). Consequently, Defendant is not estopped or barred from bringing his counterclaim of excessive billing.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's Objections to the Report and Recommendation [docket entry 142] are **OVERRULED** and that the Report and Recommendation [docket entry 138] is **ACCEPTED and ADOPTED** as the opinion of this Court. Consequently, Plaintiff's motion for summary judgment [docket entry 81] is **GRANTED IN PART** and **DENIED IN PART**: with respect to the counts in Plaintiff's Complaint, Plaintiff's motion is **DENIED**; with respect to Count II of Defendant's Amended Counterclaim, Plaintiff's motion is **DENIED**; and with respect to Count III of Defendant's Amended Counterclaim, Plaintiff's motion is **GRANTED** and Count III is **DISMISSED** from this action.

**SO ORDERED.**

Dated:   January 22, 2007                                              s/Paul V. Gadola

HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   January 22, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
         Frank S. Galgan; Michael C. Gibbons; Victor A. Veprauskas, IV            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                       Edward A. Andrews        .

                                                                    s/Ruth A. Brissaud
                                                                    Ruth A. Brissaud, Case Manager
                                                                    (810) 341-7845