UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARNESS, DICKEY & PIERCE,
P.L.C.,

        Plaintiff/Counter-Defendant,     CIVIL CASE NO. 03-40334

v.                              HONORABLE STEPHEN J. MURPHY, III

EDWARD A. ANDREWS,

        Defendant/Counter-Plaintiff.
_____/

## <u>ORDER GRANTING DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF</u>

On November 26, 2008, this Court issued an order requiring the defendant, Mr. Edward A. Andrews, to appear at the Final Pretrial Conference scheduled for Wednesday, December 3, 2008. In the November 26 order, the Court laid out in detail the failure of Mr. Andrews to comply with the requirements of Local Rule 16.2 governing the creation and submission of the Joint Final Pretrial Order. The Court also told Mr. Andrews that he was required to appear at the December 3, 2009 Final Pretrial Conference and to show good cause for his failure to comply with Local Rule 16.2. In that order, the Court cited the following portion of Local Rule 16.2:

> For failure to cooperate in preparing or submitting the joint final pretrial order or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions.

E.D. Mich. L.R. 16.2 (c). Finally, the Court warned Mr. Andrews that his failure to appear at the Final Pretrial Conference and his failure to comply with the requirements of Local Rule 16.2 may result in a default judgment in the plaintiff's favor and a dismissal with

prejudice of Mr. Andrews's counter-claims.

On the night of Monday, December 1, 2008, the Court received a fax from Mr. Andrews stating that he had just gotten home from his Thanksgiving trip, had received notice of the Court's November 26 order, and that he would not be able to attend the conference.

As scheduled, a conference on the record was held on Wednesday, December 3, 2008, in the courtroom of the Honorable Stephen J. Murphy, III, Room 228, at the Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., in Detroit, Michigan. Counsel for the plaintiff was present. Mr. Andrews was not present, contrary to this Court's order.

The Court notes that at this time, Mr. Andrews has not complied with Local Rule 16.2, as he has not collaborated with the plaintiffs in creating and submitting a Joint Final Pretrial Order. Because of Mr. Andrews's lack of cooperation, the plaintiffs submitted their portion of the Joint Final Pretrial Order on November 24, 2008. In a document dated November 26, 2008 and filed on the docket on December 2, 2008, Mr. Andrews submitted what appears to be his portion of the Joint Final Pretrial Order. The Court notes that the parties were first told about the requirement to submit a Joint Final Pretrial Order in an order dated October 24, 2008, and that the first deadline to submit the Joint Final Pretrial Order was November 21, 2008. That deadline was extended several times in order to accommodate the parties. At the December 3, 2008 conference, counsel for the plaintiff stated on the record the difficulties they have experienced in working with Mr. Andrews and the refusal of Mr. Andrews to collaborate in the production of a joint document, contrary to the requirements of Local Rule 16.2.

The Court also notes that Mr. Andrews has failed to appear at the December 3, 2008

Final Pretrial Conference as required. The parties were first ordered to appear at a Final Pretrial Conference set for November 26, 2008. Due to a delay created by Mr. Andrews in not collaborating with the plaintiff over the Joint Final Pretrial Order, the conference was adjourned to December 1, 2008. In an effort to accommodate Mr. Andrews, this conference was then further adjourned to December 3, 2008. In his December 1, 2008 fax, Mr. Andrews claims that he was not able to attend the December 3 conference due to the short notice. Mr. Andrews's excuse is entirely without merit. Mr. Andrews has been on notice of an imminent Joint Final Pretrial Conference since the Court's order issued on October 24, 2008. More importantly, even when assuming that Mr. Andrews first learned of the December 3 conference on the night of December 1, Mr. Andrews had sufficient time to arrange for adequate transportation in order to appear at the December 3 conference.

Based on Local Rule 16.2, the Court may dismiss claims and enter default judgment for a party's failure to cooperate in preparing or submitting the joint final pretrial order. In addition, Mr. Andrews was clearly notified in this Court's recent November 26 order that failure to comply with Local Rule 16.2 and with the orders of the Court may result in default judgment for the plaintiff. Mr. Andrews has persisted in this failure to comply with Local Rule 16.2 and with the orders of the Court and has failed to show good cause for these failures. Accordingly, based on Local Rule 16.2 and Mr. Andrews's complete and apparently willful failure to cooperate in the preparation of the Joint Final Pretrial order, failure to follow the orders of the Court, and failure to show good cause for his actions when ordered to do so, the Court has broad discretion in dealing with this case. Under the circumstances of the current case, the Court finds that Mr. Andrews's actions have indicated a reckless disregard for the effect of his conduct on the Court and have displayed

an intent to thwart these judicial proceedings.  *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d

586, 591-92 (6th Cir. 2001) (citing *Shepard Claims Serv. v. William Darrah & Assocs.*, 796

F.2d 190, 194 (6th Cir.1986); *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir.1997); *Vinci*

*v. Consolidated Rail Corp.*, 927 F.2d 287, 287 (6th Cir.1991)).  The Court further finds that

granting default judgment in favor of the plaintiff and dismissing the counter-claims of Mr.

Andrews is an appropriate manner to resolve this case under the circumstances.

**ACCORDINGLY, IT IS HEREBY ORDERED** that default judgment in favor of the

plaintiff is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's counter-claims are **DISMISSED**

**WITH PREJUDICE**.

**SO ORDERED.**


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  December 3, 2008

I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on December 3, 2008, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager